Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                      Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROBIN ANDERSON** | : No. | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **SP PLUS CORPORATION** | : | |
| | : | **COMPLAINT** |
| Defendant | : | |
| | : | |

## PRELIMINARY STATEMENT

Robin Anderson (the "Plaintiff"), by and through her counsel, brings this lawsuit against SP Plus Corporation (the "Defendant"), seeking all available relief under the Americans with Disabilities Act and the New Jersey Law Against Discrimination for the Defendant's failure to comply with the both Acts' accessibility requirements.  Plaintiff is seeking injunctive relief under the Americans with Disabilities Act to require the Defendant to remove the accessibility barriers which exist at its parking facility.  Plaintiff is seeking compensatory relief under the New Jersey Law Against Discrimination.  The allegations contained herein are based on personal experience of the Plaintiff.

## I.  JURISDICTION

1.  This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. and the New Jersey Law Against Discrimination ("NJLAD") <u>N.J.S.A</u>. 10:5-1, *et. seq*.

2.  This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3.  This Court has supplemental jurisdiction to entertain the State law causes of action under 28 U.S.C. § 1367(a).

## II.  VENUE

4.  All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5.  Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

6.  Plaintiff is an adult female who currently resides in Burlington County, New Jersey.

7.  Defendant is a foreign for-profit corporation registered with the New Jersey Division of Revenue and Enterprise Services under entity identification number 0100161059.

## IV.    STATEMENT OF FACTS

*The Defendant's Parking Facility*

8.  Defendant operates a parking lot located at 123 5th and Market Streets, Camden, NJ 08102 (the "Parking Facility").[1]

9.  For a fee, an individual can park a vehicle at the Parking Facility.

---

[1] https://philadelphiaparking.spplus.com/philadelphia-plaza-camden-5th-and-market-streets-parking.html

10. Upon information and belief, the Parking Facility has capacity in excess of seventy-five (75) parking spaces.

11. The Parking Facility has only one (1) parking space that is designated as being handicap-accessible.

12. The Parking Facility does not have any handicap-accessible parking spaces which can accommodate a van.

13. The Parking Facility is staffed by a parking attendant who collects payment for parking and issues customers a receipt and claim ticket.

*The Plaintiff*

14. The Plaintiff has multiple sclerosis ("MS"), an auto-immune disease of the central nervous system.

15. The Plaintiff is a disabled individual within the meaning of the ADA and NJLAD.

16. The Plaintiff possesses a handicapped parking placard issued by the State of New Jersey.

17. Plaintiff frequently travels in the area, and parks her vehicle in parking lots and garages.

18. The Plaintiff's handicapped parking placard permits her to park her vehicle in spaces designated as being handicap-accessible.

19. The Plaintiff has patronized the Parking Facility, but is deterred from future use of the Parking Facility because of the lack of handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

20. Congress enacted the ADA in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against

individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

21. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

22. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

23. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

24. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

25. A "public accommodation" are private entities whose operations affect commerce. 42 U.S.C. § 12181(7).

26. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking

lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

27. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

28. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

29. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

30. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

31. Under the ADA, businesses or privately-owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

32. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.[2]

*Accessible Parking under the ADA*

33. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[3]

---

[2] https://www.ada.gov/restribr.htm
[3] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

*Accessible Routes under the ADA*

34. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[4]

35. This route, which must be at least three feet wide, must remain accessible and not be blocked.[5]

36. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[6]

---

[4] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[5] Id.
[6] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3

*Signage and the ADA*

37. The ADA standards require the use of the International Symbol of Accessibility to identify parking spaces which are reserved for use by individuals with disabilities.[7]

38. Handicap-accessible parking spaces must be designed as "reserved" by a showing the International Symbol of Accessibility.

39. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

## THE NEW JERSEY LAW AGAINST DISCRIMINATION

40. The NJLAD provides that "[a]ll persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

41. In interpreting the NJLAD in disability discrimination claims, "federal law has consistently been considered for guidance." Borngesser v. Jersey Shore Med. Ctr., 340 N.J. Super. 369, 380 (App. Div. 2001).

42. The NJLAD is intended to insure that handicapped persons will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217 (App. Div. 2000).

43. The NJLAD prohibits discrimination on the basis of a disability. N.J.S.A. 10:5-12(a).

44. Under the NJLAD, "'disability' means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual

---

[7] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q)(a).

45. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." N.J.A.C. 13:13–4.12(a)(8).

46. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

47. Under the NJLAD, damages are available for "[t]he personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty;

career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act." <u>N.J.S.A</u>. 10:5-3.

### <u>COUNT I –</u>

### <u>FAILURE TO PROVIDE THE PROPER NUMBER OF HANDICAP-ACCESSIBLE PARKING SPACES</u>

48. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

49. The United States Supreme Court recognized the term "major life activities" includes walking.  <u>Bragdon v. Abbott</u>, 524 U.S. 624, 638–39 (1998).

50. The Plaintiff is a disabled individual within the meaning of the ADA and NJLAD.

51. The major life activity that the constitutes the Plaintiff's disability is her difficulty walking distances.

52. Defendant failed to provide more than one (1) parking space which was designated as being "handicap accessible" at the Parking Facility.

53. The Parking Facility's failure to provide the proper number of parking spaces designated as being handicap-accessible has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

54. The Defendant can remedy its non-compliance with the parking requirements of the ADA and NJLAD by designating available non-handicap-accessible spaces as handicap-accessible spaces.

55. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

56. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA and NJLAD.

57. The Defendant's failure to comply with the ADA and NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the ADA and NJLAD, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the NJLAD, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II –

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING

58. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

59. The Parking Facility has only one (1) handicap-accessible parking sign designating a parking space as being reserved for disabled individuals.

60. The Defendant can remedy its non-compliance by installing signs with the International Symbol of Accessibility for the parking spaces that it designates as being handicap-accessible.

61. The Defendant's failure to comply with the handicap-accessible parking requirements of the ADA and the NJLAD has created a hardship for the Plaintiff.

62. The Defendant has discriminated against the Plaintiff by its failure to comply with the handicap-accessible parking requirements of the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the ADA and NJLAD, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the NJLAD, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 9, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Franklin J. Rooks Jr., certify that I filed the Plaintiff's Complaint via the Court's ECF

system.


By: <u>/s Franklin J. Rooks Jr.</u>

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 9, 2017